**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| TWIN TECHNOLOGIES, INC. | ) | |
| 6360 French's Hollow Road | ) | |
| Altamont, New York 12009 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 8:12-cv-03318 |
| | ) | |
| PRESIDIO NETWORKED SOLUTIONS, | ) | |
| INC. | ) | |
| 7601 Ora Glen Drive, Suite 100 | ) | |
| Greenbelt, Prince George's County, MD 20770 | ) | |
| SERVE:      The Corporation Trust Inc. | ) | |
|                    351 West Camden Street | ) | |
|                    Baltimore, MD 21201 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Twin Technologies, Inc. ("TTI") hereby files its Complaint against Defendant

Presidio Networked Solutions, Inc. ("Presidio").

**I. PARTIES**

1.      TTI is a corporation organized and existing pursuant to the laws of Delaware, and

maintains its principal place of business in New York.

2.      Presidio is a corporation organized and existing pursuant to the laws of Florida.

Presidio is qualified to transact business in Maryland, and it maintains a principal place of

business in Greenbelt, Maryland.

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1331(b).

## III. FACTS

**The Subcontract**

5.      In 2011, Presidio entered into a contract with the United States Department of the Interior ("DOI") whereby Presidio would implement a cloud software as a service, web-based forms business process management platform to automate internal and external facing forms and to convert the forms manual business processes to automated workflow within the DOI ("Prime Contract").

6.      Presidio elected to subcontract some of the work to perform the Prime Contract.

7.      On or about December 28, 2011, the TTI and Presidio executed a Master Subcontractor Agreement ("Subcontract").  Pursuant to the Subcontract, the parties agreed that the Statement of Work ("SOW") would be determined at a later date.  A true and correct copy of the Subcontract is attached hereto as Exhibit "A" and is incorporated by reference herein.

8.      On or about January 10, 2012, the parties executed a SOW.  A true and correct copy of the SOW is attached hereto as Exhibit "B" and is incorporated by reference herein.

9.      Pursuant to the Subcontract, TTI was to be paid on an hourly fee basis.  Presidio was obligated to pay invoices within thirty (30) days after receipt of invoice.  Additionally, the Subcontract provides that overdue amounts accrue a late charge of 2% per month and that

Presidio is obligated to reimburse TTI for all reasonable costs of collection including reasonable attorneys' fees.

**The SOW and Changes to the SOW**

10.     The SOW, executed on or about January 10, 2012, outlines the SOW agreed to and contemplated by the parties at the time of execution.

11.     The SOW also contemplates additions to the SOW.  More specifically, the SOW states that "[C]hanges of assumptions or circumstances, changes in the objectives or scope of the project, and/or new information acquired during the course of the project may require additional efforts on the part of [TTI]."  *See* Exhibit B, p. 8 ("Changes of Scope").

12.     On January 23, 2012, John Montel (eRecords Service Manager, Department of Interior ("DoI")) called a meeting with Presidio and TTI.  In that meeting he stated that in order to build DoI's intended Enterprise Forms Systems ("EFS"), DoI would require from Presidio a website that would facilitate access to an online library of forms in digital format, including the workflow process for the completion, submission and approval of those forms in individual cases.

13.     Mr. Montel asked that Presidio develop a website portal (the "Portal") that would serve as an interface between individual users and the forms they would be asked to complete and submit.  In addition, he asked that Presidio design the Portal so that users would be able to track the approval status of forms they had submitted.

14.     Michael Reid (Presidio Project Manager) subsequently requested TTI to take the lead in designing and implementing the Portal.

15.     TTI developed and implemented the Portal between the months of January 2012 and July 2012.

16.     Between January 2012 and August 2012, TTI sent Presidio invoices for, *inter alia*, work performed designing and implementing the Portal.

17.     Presidio paid TTI for TTI's work performed for, *inter alia*, designing and implementing the Portal between January 2012, and May 2012.

18.     Beginning with TTI's invoice dated May 24, 2012, Presidio stopped paying TTI. Copies of ITT's Invoices dated May 24, 2012 through August 1, 2012 are attached collectively hereto as Exhibit C.

19.     To date, Presidio has failed to pay TTI $206,360.00 for work performed pursuant to Presidio's request, which amount is overdue and owing.

20.     TTI's efforts in response to Presidio's request, including all of the related tasks that were necessitated by TTI's developments of the Portal, were all performed pursuant to and for the benefit of Presidio.

21.     Developing the Portal was not part of the original SOW.

22.     Developing the Portal was additional work contemplated by the express language contained in the original SOW.

23.     Presidio knew that TTI was performing work to develop the Portal, and that TTI expected to be paid for its work.

24.     Presidio never objected to TTI performing work to develop the Portal.

25.     Presidio accepted the Portal that TTI developed.

26.     Presidio continues to utilize the Portal that TTI developed.

## IV.  CAUSES OF ACTION

## COUNT I
## BREACH OF CONTRACT

27.     TTI incorporates by reference the averments in paragraphs 1 through 26 above as if fully stated herein.

28.     TTI and Presidio entered into the Subcontract.

29.     TTI performed work pursuant to the Subcontract.

30.     TTI billed Presidio for work pursuant to the Subcontract.

31.     Presidio has breached the Subcontract by, *inter alia*, failing to pay TTI in accordance with the Subcontract.

32.     All conditions precedent to TTI's right to recover under the Subcontract have been satisfied.

33.      Pursuant to the Subcontract, Presidio will reimburse TTI for all reasonable amounts of collection, including reasonable attorney's fees if TTI engages an attorney to collect any amounts not paid when due.

34.     As a result of Presidio's failure to pay TTI in full, TTI has suffered damages in the amount of $206,360.00, plus 2% late charge per month, plus reasonable attorneys' fees and costs.

## COUNT II
## UNJUST ENRICHMENT

35.     TTI incorporates by reference the averments in paragraphs 1 through 26 above as if fully stated herein.

36.     By performing the work and delivering the products to Presidio, at Presidio's instance and request, TTI conferred a benefit on Presidio, the value of and for which TTI expected payment.

37.     All work rendered by TTI was rendered under such circumstances that Presidio knew that TTI expected to be paid for such work.

38.     Presidio, with knowledge of the benefit conferred, accepted, used, enjoyed, retained and profited from the work provided to and for Presidio's benefit by TTI.

39.     Presidio's acceptance and retention of TTI's work, knowing that TTI expected to be paid for the work makes it inequitable for Presidio to use, enjoy and retain the benefit conferred without paying for the value of TTI's work.

40.     The value of the work conferred to and for the benefit of Presidio, and accepted by Presidio, for which ITT has not yet paid, is $206,360.00.

41.     Despite repeated demands for payment, Presidio has failed and refused, and continues to fail and refuse, to pay for the value of ITT's work.

**COUNT III**
**QUANTUM MERUIT**

42.     TTI incorporates by reference the averments in paragraphs 1 through 26 above as if fully stated herein.

43.     TTI rendered valuable work to and for the benefit of Presidio with the intention of receiving from Presidio payment for the work.

44.     Presidio accepted TTI's work and received the benefit of such work.

45.     All work rendered by TTI was rendered under such circumstances that Presidio knew that TTI expected to be paid for such work.

46.     The reasonable value of TTI's work for which it has not been paid by Presidio is $206,360.000.

47.     Despite repeated demands for payment, Presidio has failed and refused, and continues to fail and refuse, to pay for the value of ITT's work.

**COUNT IV**
**OPEN ACCOUNT**

48.     TTI incorporates by reference the averments in paragraphs 1 through 26 above as if fully restated herein.

49.     TTI entered into an agreement where it agreed to perform work for Presidio on account.

50.     Pursuant thereto and in reliance thereon, ITT provided work to Presidio having a value of $206,360.00, which work was accepted by Presidio and used to its benefit as per the attached Invoices.

51.     Despite repeated demands for payment, Presidio has failed and refused, and continues to fail and refuse, to pay the sums due and owing to ITT on account.

**COUNT V**
**ACCOUNT STATED**

52.     TTI incorporates by reference the averments in paragraphs 1 through 26 above as if fully stated herein.

53.     Throughout the time that TTI transacted business with Presidio, TTI regularly mailed and/or delivered invoices to Presidio.

54.     Presidio did not object to, return or pay the invoices that remain outstanding and unpaid.

55.     An account stated has been established between TTI and Presidio in the principal amount  $206,360.00, plus interest thereon at the rate of 24% per annum from November 30, 2000 until paid, plus reasonable attorney's fees and costs.

56.     Despite repeated demands for payment, Presidio failed and refused, and continues to fail and refuse, to pay and satisfy the account.

  **WHEREFORE**, TTI prays that the Court grant it the following relief:

a.  As to Count I, the entry of a final judgment against Presidio in the amount of $206,360,00, plus late charges thereon at the Subcontract rate of 2% per month until paid, plus prejudgment and post-judgment interest until paid;

b.  As to Count II, the entry of a final judgment against Presidio in the amount of $206,360,00, plus pre-judgment and post-judgment interest thereon until paid

c.  As to Count III, the entry of a final judgment against Presidio in the amount of $206,360,00, plus prejudgment and post-judgment interest thereon until paid;

d.  As to Count IV, the entry of a final judgment against Presidio in the amount of $206,360,00, plus prejudgment and post-judgment interest thereon until paid;

e.  As to Count V, the entry of a final judgment against Presidio in the amount of $206,360,00, plus prejudgment and post-judgment interest thereon until paid;

f.  As to all Counts, TTI's reasonable attorneys' fees and costs; and

g.  The entry of such other and further relief as the Court deems just and proper.

        Respectfully submitted,


        /s/ Jeffrey M. Mervis

        _____
        Jeffrey M. Mervis, MD Fed. Bar No. 10180
        The Sack Law Firm, PC
        8270 Greensboro Drive, Suite 810
        McLean, VA 22102
        703-883-0102 / Fax: 703-883-0108
        jmm@sacklaw.com

        *Attorney for Plaintiff Twin Technologies, Inc.*